# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Jon Christopher Woosley,**  Plaintiff, | Case No. |
| v. | |
| **Grand Caribbean Cruises, Inc.,**  Defendant. | Complaint and Demand for Jury Trial |

## COMPLAINT

**Jon Christopher Woosley** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Grand Caribbean Cruises, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Alabama and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Alabama.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Huntsville, Alabama 35801.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 1451 West Cypress Creek Road, Suite 300, Fort Lauderdale, Florida 33309.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Defendant repeatedly called Plaintiff on his cellular telephone number on a repetitive and continuous basis for solicitation purposes.

12. Defendant placed these calls using an automatic telephone dialing system and/or with a pre-recorded message.

13. Plaintiff knew Defendant's calls were placed from an automatic telephone dialing system because the calls began with automated message and/or a pause before being connected to a live agent.

14. Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff.

15. Defendant's calls were not made for "emergency purposes."

16. Plaintiff has been on the Do Not Call Registry since August 10, 2019.

17. Shortly after the calls started, Plaintiff told Defendant to stop calling.

18. However, Defendant continued to call repeatedly.

19. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

25. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

26. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

27. Defendant's calls were not made for "emergency purposes."

28. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

29. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 10, 2019.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34. The TCPA prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

35. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 10, 2019.

36. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jon Christopher Woosley,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    e. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    f. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Jon Christopher Woosley,** demands a jury trial in this case.

Respectfully submitted,

Dated: 12/31/2020

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com