# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Jon Christopher Woosley,** | |
| Plaintiff, | Case No. 5:20-cv-02091-HNJ |
| v. | |
| **Grand Caribbean Cruises, Inc.,** | Amended Complaint and Demand for Jury Trial |
| Defendant. | |

## AMENDED COMPLAINT

**Jon Christopher Woosley** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Grand Caribbean Cruises, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Alabama and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Alabama.

4. Upon information and belief, Defendant advertises in Alabama regularly, does direct marketing toward Alabama residents and regularly accepts payment from Alabama residents drawn from Alabama-based banks.

5. As it relates to Plaintiff, Defendant purposefully availed itself to Alabama by calling his Alabama-area code cell phone, seeking business and payment from Plaintiff.

6. Accordingly, general and specific personal jurisdiction exist.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff is a natural person residing in Huntsville, Alabama 35801.

9. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 1451 West Cypress Creek Road, Suite 300, Fort Lauderdale, Florida 33309.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff's cellular telephone number (256)-***- 4629 has been on the FTC's Do Not Call registry since August 10, 2019.

14. Plaintiff enrolled his number on the Do Not Call registry in order to obtain solitude and to avoid harassing solicitation calls.

15. Plaintiff uses that cellular telephone for residential purposes.

16. Defendant repeatedly called Plaintiff on his cellular telephone number on a repetitive and continuous basis for solicitation purposes

17. Specifically, Defendant was soliciting vacations on its cruise line.

18. Defendant called Plaintiff on at least five (5) occasions in or around February and March of 2020.

19. When Plaintiff answered calls from Defendant he was greeted with an automated voice message.

20. Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff.

21. Defendant's calls were not made for "emergency purposes."

22. Shortly after the calls started in or around February 2020, Plaintiff told Defendant to stop calling.

23. However, Defendant continued to call repeatedly.

24. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

25. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

26. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

29. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automated or pre-recorded voice.

30. The

31. Defendant's calls were not made for "emergency purposes."

32. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

33. Defendant contacted Plaintiff despite the fact that Plaintiff's phone number was registered on the Do Not Call Registry since August 10, 2019.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. The TCPA prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

39. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 10, 2019.

40. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's cell phone number being registered on the Do Not Call list.

41. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

42. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jon Christopher Woosley,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    e.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    f.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Jon Christopher Woosley,** demands a jury trial in this case.

Respectfully submitted,

Dated: May 5, 2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com

## **Certificate of Service**

I, Amy L.B. Ginsburg hereby certify that a true and correct copy of Plaintiff's amended complaint was served on all parties of record via ECF.

/s/ Amy L.B. Ginsburg